# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
# CENTRAL DIVISION

| | |
|---|---|
| JEFF MECHAM, <br><br> Plaintiff, <br><br> v. <br><br> UTAH STATE DEPARTMENT OF CORRECTIONS, *et al.*, <br><br> Defendants. | **MEMORANDUM DECISION AND ORDER** <br><br> Case No. 2:09-CV-149 CW <br><br> District Judge Clark Waddoups |

Plaintiff, Jeff Mecham, an inmate at the Utah State Prison, filed this civil rights suit under 42 U.S.C. § 1983 with the assistance of counsel. *See* 42 U.S.C.A. § 1983 (West 2010). Plaintiff was allowed to proceed *in forma pauperis* under 28 U.S.C. § 1915. *See* 28 U.S.C.A. § 1915 (West 2010). Before the Court are Defendants Jack Ford and Rick Johnson's respective motions to dismiss, and Plaintiff's Motion to Amend/Correct Complaint.

## I. Background

Plaintiff's Complaint, filed on March 3, 2009, alleges one First Amendment civil rights claim for denial of freedom of speech and one state law claim for "wrongful termination of employment in violation of state public policy."[1] (Compl. at 5-6.) The Complaint names as defendants the Utah State Department of Corrections (UDC); Jack Ford, "acting executive director of the [UDC]" in his official capacity; and, Rick Johnson, an employee at the Utah State

---

[1] The Complaint also identifies a Third "count" which is not a separate claim but, rather, a request for injunctive relief.

Prison, in his official capacity.

On March 8, 2010, Defendants Ford and Johnson moved to dismiss the claims against them on the grounds that they are immune from suit in their official capacity under the Eleventh Amendment. Ford and Johnson also asserted that Plaintiff's state law claim should be dismissed because Plaintiff failed to comply with the jurisdictional requirements of the Utah Governmental Immunity Act, Utah Code Ann. § 63G-7-1-1 et seq. ("UGIA"), by filing at timely notice of claim. *See* Utah Code Ann. § 63G-7-402 (2008); *Madsen v. Borthick*, 769 P.2d 245, 249-50 (Utah 1988) (holding that notice is required regardless of whether the suit is against the governmental entity or its employees and is a jurisdictional requirement to filing suit).

On April 19, 2010, Plaintiff filed a Motion to Amend/Correct Complaint along with a supporting memorandum and proposed amended complaint. Plaintiff's motion states that he "seeks to amend his complaint to correct [a] legal technicality by stating that Defendants Ford and Johnson are sued in their individual capacities and to add some additional factual clarity to his complaint." (Motion to Amend at 4, ¶ 8.) The proposed amended complaint, however, also seeks to add an additional state law claim for "interference with contractual relationships."[2] Plaintiff assert that this claim is not subject to the notice of claim requirement under the UGIA.

In response, Defendants filed a Memorandum in Partial Opposition (Dkt. no. 52.) stating that they do not object to Plaintiff's request to amend the complaint to name Ford and Johnson in

---

[2] Both this new claim and the preexisting claim for injunctive relief are numbered "Count III" in the proposed amended complaint. It is not clear whether Plaintiff intends to withdraw his claim for injunctive relief in his proposed amended complaint or whether the claims are simply misnumbered.

their individual capacities, or to add additional facts regarding Plaintiff's First Amendment claim. However, Defendants do object to amendment of the state law claims, which they assert would be futile. Plaintiff did not file a reply brief disputing Defendants' position that the proposed amended state law claims are still barred by the UGIA.

**I. Motions to Dismiss**

Based on the concurrence of all parties, the Court grants Ford and Johnson's respective motions to dismiss Plaintiff's official capacity claims as barred by the Eleventh Amendment. The Court now turns to Defendants' motion to dismiss Plaintiff's state law claims.

Defendants assert that Plaintiff's state law claim for "wrongful termination of employment in violation of state public policy" should be dismissed because Plaintiff failed to file a timely notice of claim as required by the UGIA. Plaintiff does not deny that his notice of claim was untimely, instead, he asserts that he was not required to comply with the UGIA because "[e]mployment is a contract between an employer and employee that can be implied or expressed," the UGIA waives governmental immunity as to any contractual obligation, and actions arising out of contractual obligations are not subject to the UGIA's notice requirements. (Dkt. no. 44 at 8-9.) Plaintiff further states his intention to amend his Complaint to bring a cause of action for interference with contractual relationships.

Defendants' reply brief argues that Plaintiff's attempt to avoid the UGIA's jurisdictional requirements by reformulating his state law claims to sound in contract fails for three reasons: First, the UGIA's waiver of immunity from suit, and of the notice requirement, applies only to the contractual obligations of "governmental entities." Utah Code Ann. § 63G-7-301(1)(a) (West

2010). Second, claims for wrongful discharge in violation of public policy are based in tort, not contract. Finally, the Complaint does not allege that Defendants Ford or Johnson were party to any contract with Plaintiff, therefore, Plaintiff's claim could not arise out of any contractual right or obligation. Defendants expressly incorporated these arguments into their memorandum in partial opposition to Plaintiff's motion to amend (Dkt. no. 52 at 4), however, Plaintiff did not file a reply brief offering any rebuttal.

The Court finds Defendants' arguments regarding application of the UGIA to Plaintiff's state law claims to be compelling. Even viewing Plaintiff's employment from a contractual perspective, the UGIA does not waive governmental immunity or its notice requirements for claims arising out of contractual obligations asserted against individual state employees. *Larsen v. Snow College*, 189 F. Supp. 1286, 1301 (D. Utah 2000); *Nielson v. Gurley*, 888 P.2d 130, 133-35 (Utah App. 1995). Moreover, there is ample support for Defendants' contention that claims for wrongful discharge in violation of public policy are based in tort, not contract. *Broadbent v. Bd. Educ. Cache County School Dist.*, 910 P.2d 1274, 1277 (Ut. App. 1996) (UGIA does not waive governmental immunity for wrongful termination in violation of public policy claim); *Hansen v. America Online, Inc.*, 2004 UT 62, ¶ 10, 96 P.3d 950 (duty imposed on employer in connection with claim for wrongful discharge in violation of public policy is "independent of any duty imposed by the contract of employment"); *Waddoups v. Amalgamated Sugar Co.*, 2002 UT 69, ¶ 16, 54 P.3d 1054 (In Utah, "the claim for wrongful discharge in violation of public policy is a tort."); *Peterson v. Browning*, 832 P.2d 1280, 1285 (Utah 1992) ("the duty at issue in actions for wrongful termination in violation of public policy does not arise out of the employment

contract"). As previously noted, Plaintiff cannot sue Defendants in their official capacities under § 1983, nor can Plaintiff show any contract with Ford or Johnson individually; thus, Plaintiff's state law claims are not exempt from the UGIA's requirements. Because Plaintiff concedes that he did not file a timely notice of claim regarding his employment termination the Court concludes that Plaintiff's state law claims must be dismissed for lack of subject matter jurisdiction. *See Madsen v. Borthick*, 769 P.2d 245, 249-50 (Utah 1988) (holding that notice is required regardless of whether the suit is against the governmental entity or its employees and is a jurisdictional requirement to filing suit).

## II. Motion to Amend

Rule 15(a) of the Federal Rules of Civil Procedure states that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The Supreme Court has interpreted this provision to permit liberal amendment except where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. . . . ." *Foman v. Davis*, 371 U.S. 178, 181, 83 S. Ct 227, 229 (1962). Ultimately, the decision whether to grant leave to amend a complaint is within the discretion of the district court. *See Lind v. Aetna Health, Inc.*, 466 F.3d 1195, 1199 (10th Cir. 2006).

Defendants do not object to amendment of the Complaint to name Ford and Johnson in their individual capacities, or to add additional factual support for Count II; however, Defendants assert that amendment of any state law claims should be denied as futile. Having concluded that

5

Plaintiff's state law claims are barred by the UGIA, the Court agrees that it would be futile to allow Plaintiff leave to amend those claims. Thus, Plaintiff's motion to amend is granted with regard to his First Amendment claim (Count II of the Complaint) and denied as to any state law claims.

## ORDER

Based on the foregoing, **IT IS HEREBY ORDERED** that:

(1) Defendant Ford's Motion to Dismiss (Dkt. No. 33) is **GRANTED**;

(2) Defendant Johnson's Motion to Dismiss (Dkt. No. 37) is **GRANTED**;

(3) Plaintiff's Motion to Amend/Correct Complaint (Dkt. No. 46) is **GRANTED IN PART** and **DENIED IN PART**; and,

(4) Plaintiff may file an amended complaint in accordance with this Order within **thirty days**.

DATED this 9th day of March, 2011.

BY THE COURT:

_____
Clark Waddoups
United States District Judge